**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| SUSAN K. UNICE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:16-cv-02469** |
| v. | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Brown** |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| **Defendant.** | ) | |

To: The Honorable Aleta A. Trauger, United States District Judge

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff Susan K. Unice's motion for attorney's fees and costs

pursuant to the Equal Access to Justice Act ("EAJA") (Docket Entry No. 34), seeking $16,943.95

in fees and $493.00 in costs, that was referred to the Magistrate Judge (Docket Entry No. 37).  For

the following reasons, the Magistrate Judge **RECOMMENDS** that this motion be **GRANTED in**

**part and DENIED in part,** and that Plaintiff be awarded $13,659.76 in EAJA attorney's fees and

$493 in costs.

**I.  BACKGROUND**

After receiving a fully favorable disability decision from an administrative law judge ("ALJ")

in 2010, Plaintiff, Susan K. Unice, and her daughter, Lauren M. Unice, were awarded Title II

disability benefits, which began on March 1, 2008, and continued through July 2012.  *See*

administrative record (Docket Entry No. 16, Tr. 44-62, 116-17).[1]  Defendant, Commissioner of

---

[1]Citations to the administrative record ("AR") are to the Bates stamp at the top right corner
of the page.

Social Security ("Commissioner"), notified Plaintiff in July 2011 and again in August 2012 that her disability ended in October 2009 because she engaged in substantial gainful activity ("SGA") and that Plaintiff's SGA made her and her daughter ineligible for benefits as of January 2010. *Id.* at 67-69, 74-76, 81-86. Defendant mailed Plaintiff invoices requesting repayment of $56,097.20, the amount paid to Plaintiff and her daughter from January 2010 to July 2012. *Id.* at 91-98.

Plaintiff requested a waiver of the overpayment in January 2013, which was ultimately denied by the administrative law judge ("ALJ"). *Id.* at 20-35. The ALJ specifically found that Plaintiff was overpaid $56,097.20 in benefits between January 1, 2010 and July 1, 2012; Plaintiff was not at fault for causing the overpayment; recovery of the overpayment would not defeat the purpose of Title II of the Social Security Act and would not be against equity and good conscience; and recovery of the overpayment would not be waived. *Id.* at 25-27. The Appeals Council declined to review the ALJ's decision. *Id.* at 3-7.

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner, denying Plaintiff's request for a waiver of adjustment or recovery of an overpayment. The Magistrate Judge summarized Plaintiff's assertions of error as follows: (1) the ALJ erred by finding Plaintiff was overpaid; (2) the ALJ erred by concluding waiver of adjustment or recovery of overpaid benefits was not against equity and good conscience; (3) the ALJ abused her discretion by finding waiver of adjustment or recovery of overpaid benefits does not defeat the purpose of Title II; and (4) the ALJ deprived Plaintiff of her rights to due process and equal protection by failing to reinstate her benefits. (Docket Entry No. 29, at 6).

Although Plaintiff resided in Tennessee, because the ALJ's decision was rendered in the District of Arizona, the Magistrate Judge applied Ninth Circuit law to the merits of the ALJ's

decision. *Id.* at 5. The Magistrate Judge concluded that the ALJ's finding of overpayment required clarification on remand. *Id.* at 10-11. The Magistrate Judge stated, "Absent any indication which test the ALJ used to conclude Plaintiff was engaged in SGA from January 2010 to July 2012, the Commissioner's decision cannot be thoroughly scrutinized, and the Court cannot say for certain that the correct legal standards were applied." *Id.* at 11. The Magistrate Judge stated that although the Commissioner's finding may be correct, it was not the "Court's duty to construct the logical pathway to that conclusion," noting that the record contained evidence that was favorable to both sides on this issue. *Id.*

Thus, concluding that the ALJ's decision did not clearly articulate the test or tests used to find Plaintiff was engaged in SGA from January 2010 to July 2012, and that the evidence presented was not so clearly one-sided as to direct a decision, the Magistrate Judge recommended that the ALJ's decision be reversed in part and remanded for the Commissioner to clarify the rationale supporting the overpayment finding. *Id.* at 12. As to whether the ALJ erred by concluding waiver of adjustment or recovery of overpaid benefits was not against equity and good conscience or whether the ALJ abused her discretion by finding waiver of adjustment or recovery of overpaid benefits did not defeat the purpose of Title II, the Magistrate Judge concluded that substantial evidence supported the ALJ's decision. *Id.* at 12-18. The Magistrate Judge also concluded that Plaintiff's claim that the ALJ deprived her of her rights to due process and equal protection was without merit. *Id.* at 19. The District Court overruled Plaintiff's objections to the Magistrate Judge's Report and Recommendation ("R&R") and accepted and adopted the Magistrate Judge's R&R. (Docket Entry Nos. 31 and 32).

## II. CONTENTIONS OF THE PARTIES

Defendant contends that Plaintiff's application for attorney's fees should be denied because the position of the Commissioner was substantially justified. (Docket Entry No. 36, at 1). Alternatively, Defendant contends that Plaintiff's hours billed are excessive and should be significantly reduced. *Id.* In reply, Plaintiff contends that the number of issues that she prevailed upon is irrelevant; that contrary to Defendant's contention, the Court determined that the underlying facts did not clearly support a finding that Plaintiff's self-employment constituted SGA; and that the Court found that the ALJ did not apply the correct legal standard. (Docket Entry No. 40, at 2-3).

## III. LAW AND ANALYSIS

### A. EAJA Requirements

Because the Magistrate Judge applied Ninth Circuit precedent in his R&R analyzing Plaintiff's claims, the Magistrate Judge will apply Ninth Circuit law in addressing Plaintiff's application for attorney's fees and costs. "Although eligibility for fees is established upon meeting the conditions set out by the EAJA, the district court has substantial discretion in fixing the amount of an EAJA award." *Catholic Soc. Servs., Inc. v. Napolitano*, 837 F. Supp. 2d 1059, 1071 (E.D. Cal. 2011) (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990)). "The decision whether to award fees under the EAJA, including the district court's conclusion that the government's position was substantially justified, is reviewed for abuse of discretion." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citing *Pierce v. Underwood*, 487 U.S. 552, 559 (1988)). The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

4

28 U.S.C. § 2412(d)(1)(A). "Thus, to be eligible for attorney fees under the EAJA: (1) the claimant must be a 'prevailing party'; (2) the government's position must not have been 'substantially justified'; and (3) no 'special circumstances' exist that make an award of attorney fees unjust." *Budnik v. Berryhill*, No. 3:16-CV-05343-KLS, 2017 WL 932173, at *1 (W.D. Wash. Mar. 9, 2017).[2]

"An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257. Defendant does not dispute that Plaintiff is a prevailing party or argue that no "special circumstances" exist that make an award of attorney fees unjust. Whether Defendant's position was "substantially justified" is the only EAJA requirement at issue.

"The EAJA creates a presumption that fees will be awarded to prevailing parties. However, Congress did not intend fee shifting to be mandatory." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995), *as amended on denial of reh'g* (June 5, 1995) (citation omitted). "'It is the government's burden to show that its position was substantially justified.'" *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (citation omitted). "The government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

"'Substantially justified' means 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person.' A substantially justified position must have a

---

[2]Pursuant to 28 U.S.C. § 2412(d)(1)(B), the claimant is also required to submit to the Court any fee application within thirty days of final judgment in the action along with an itemized statement in support. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). An EAJA applicant has the benefit of the entire 60-day appeal period in F.R.A.P Rule 4(a)(1)(B), plus the 30-day period in § 2412(d)(1)(B), to file a timely EAJA application. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 611-12 (9th Cir. 2007). Plaintiff's application was timely.

reasonable basis both in law and fact." *Gutierrez*, 274 F.3d at 1258 (citations and internal quotation marks omitted). "'The government's position must be substantially justified at each stage of the proceedings.'" *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (quoting *Corbin v. Apfel*, 148 F.3d 1051, 1052 (9th Cir. 1998)). "In making a determination of substantial justification, the court must consider the reasonableness of both 'the underlying government action at issue' and the position asserted by the government in 'defending the validity of the action in court.'" *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1084 (9th Cir. 2002) (citation and internal quotation marks omitted); *Tobeler*, 749 F.3d at 832 ("The position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action." (citation and internal quotation marks omitted)). Moreover, when courts determine "whether the government's litigation position is substantially justified, 'the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line items.'" *Id.* at 1084-85 (citations omitted). Thus, courts "'must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court.'" *Gutierrez*, 274 F.3d at 1259 (quoting *Kali*, 854 F.2d at 332); *see Shafer*, 518 F.3d at 1071 ("Where . . . the ALJ's decision was reversed on the basis of procedural errors, the question is *not* whether the government's position as to the merits of Shafer's disability claim was substantially justified. Rather, the relevant question is whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified.") (emphasis in original and citations and footnote omitted).

"'In evaluating the government's position to determine whether it was substantially justified, [courts] look to the record of both the underlying government conduct at issue and the totality of

circumstances present before and during litigation.'" *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996) (quoting *Barry v. Bowen*, 825 F.2d 1324, 1330 (9th Cir. 1987)). The Ninth Circuit has stated:

> While this circuit has been clear that when an agency's decision is unsupported by substantial evidence it is a strong indication that the position of the United States is not substantially justified, this circuit has never stated that *every* time this court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees.

*Campbell v. Astrue*, 736 F.3d 867, 869 (9th Cir. 2013) (emphasis in original).

Here, Defendant has failed to meet its burden of showing that its pre-litigation position was substantially justified. As the Magistrate Judge previously stated, "Noticeably absent from the ALJ's decision is any reference to the legal authority for this finding of SGA," and "nowhere in the decision did the ALJ reference 20 C.F.R. § 404.1575, let alone the tests for determining SGA from self-employment activities." (Docket Entry No. 29, at 11). The Magistrate Judge concluded that "[a]bsent any indication which test the ALJ used to conclude Plaintiff was engaged in SGA from January 2010 to July 2012, the Commissioner's decision [could not] be thoroughly scrutinized, and the Court [could not] say for certain that the correct legal standards were applied. *Id.* The Magistrate Judge noted that the Commissioner's finding "may be correct, but it was not this Court's duty to construct the logical pathway to that conclusion." *Id.* In fact, the Magistrate Judge noted that the *record* contained evidence favorable to both sides on the issue. *Id.* However, the ALJ's *decision* was devoid of any legal authority or analysis on this issue.

Accordingly, the Magistrate Judge concludes that Plaintiff is entitled to attorney's fees pursuant to the EAJA.

## B. Lodestar Calculation

Once a court determines that a party is eligible for EAJA fees, it applies the "lodestar" method to determine what constitutes a "reasonable" attorney's fee. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "To calculate the lodestar amount, the court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (footnote omitted). However, "counsel for the prevailing party should exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary' as a lawyer in private practice would do." *Id.* (citing *Hensley*, 461 U.S. at 434); *see Jean*, 496 U.S. at 163 ("Eligibility for fees is established upon meeting the four conditions set out by the statute, but a district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount.").

### 1. Hourly Rate

Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "The Ninth Circuit has provided that, except in unusual circumstances, a cost of living increase should be granted to adjust for inflation." *Catholic Soc. Servs.*, 837 F. Supp. 2d at 1072 (citing *Animal Lovers Vol. Assn. v. Carlucci*, 867 F.2d 1224, 1227 (9th Cir. 1989), *abrogated on other grounds by Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001)). "[C]ost-of-living increases are calculated by multiplying the $125 statutory maximum hourly rate by the annual average consumer price index figure for all urban consumers ('CPI-U') for the years in which the

attorney's work was performed and dividing by the CPI-U figure for March 1996 (155.7),[3] the

effective date of the statutory maximum hourly rate." *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th

Cir. 2009) (citing *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005)).

Here, Plaintiff seeks fees for 43.7 hours billed in 2016 and 43.5 hours billed in 2017.

Defendant does not contest Plaintiff's request for a cost of living increase for inflation. Courts use

an annualized figure to calculate attorney's fees.

> When an attorney has billed hours in multiple months spread out over the span of a
> single year, and the annual CPI-U for that year is available, it is more practical to
> simply run the formula once applying the annual CPI-U for all the hours billed in that
> year. Indeed, the Ninth Circuit only requires that this Court "calculate the
> cost-of-living adjustment according to the CPI-U *for the year* in which the fees were
> earned."

*Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1090 (S.D. Cal. 2005) (emphasis in original) (quoting

*Sorenson*, 239 F.3d at 1149); *Hopper v. Colvin*, No. 6:13-CV-01525-HZ, 2015 WL 2094019, at *5

(D. Or. Apr. 30, 2015); *Correno v. Comm'r of Soc. Sec.*, No. CV 07-1678-PHXSMM, 2008 WL

5246455, at *1 n.1 (D. Ariz. Dec. 17, 2008) ("The national CPI-U, rather than the regional CPI-U,

is the proper source from which to determine the COLA in this case, given Ninth Circuit case law

and the statutory language of the EAJA.") (citing *Jawad*, 370 F. Supp. 2d at 1089-90). Using the

CPI-U EAJA maximum rates for each year in which fees are claimed, the applicable statutory

maximum hourly rate under the EAJA for 2016, adjusted for increases in the cost of living, is

$192.68, and for 2017 is $196.79.[4]

---

[3]"[T]he EAJA set a maximum fee of $75 per hour, which was increased by amendment in
1996 to $125 per hour for cases commenced on or after March 29, 1996." *Sorenson v. Mink*, 239
F.3d 1140, 1148 (9th Cir. 2001).

[4]*See* U.S. Courts for the Ninth Circuit, Statutory Maximum Rates under the Equal Access
to Justice Act, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

Accordingly, the Magistrate Judge concludes that a cost of living adjustment is appropriate and that the requested hourly rates of $192.68 for hours billed in 2016 and $196.79 for hours billed in 2017, sought by Plaintiff and uncontested by Defendant, are reasonable.

## 2. Number of Hours

A party seeking fees must submit "an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved, in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley*, 461 U.S. at 431, 430 n.4. However, "excessive, redundant, or otherwise unnecessary" hours should be excluded from any fee award. *Id*. at 434. "'Appropriate hours include all time reasonably expended pursuing the result achieved, i.e., success on the merits and seeking recovery of attorney's fees under the EAJA.'" *Mercado v. Berryhill*, No. 16-CV-04200-BLF, 2018 WL 398467, at *2 (N.D. Cal. Jan. 12, 2018) (quoting *Swan v. Colvin*, No. 15-CV-03558-JCS, 2016 WL 7048984, at *3 (N.D. Cal. Dec. 5, 2016)).

"A district court has wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers, but it must provide enough of an explanation to allow for meaningful review of the fee award." *Sorenson*, 239 F.3d at 1146. The Ninth Circuit has stated:

> Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases. *See Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214 n. 2 (C.D. Cal. 2000) (collecting district court cases). While district courts may consider this fact in determining the reasonableness of a specific fee request, courts cannot drastically reduce awards simply because the attorney has requested compensation for more than forty hours or make reductions with a target number in mind. Instead, district courts must explain why the amount of time requested for a particular task is too high. Any other approach fails to give deference to the winning lawyer's professional judgment, as required by *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

*Costa*, 690 F.3d at 1136.  However, "a district court can impose a reduction of up to 10 percent--a 'haircut'--based purely on the exercise of its discretion and without more specific explanation." *Id.* (citing *Moreno*, 534 F.3d at 1112); *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 846-47 (9th Cir. 2012).

Plaintiff seeks fees for 43.7 hours billed in 2016 and 43.5 hours billed in 2017 for a total of 87.2 hours of work spent in this action.  (Docket Entry No. 34-4, at 3).  Defendant contends that some of the hours are excessive and should be excluded, as Plaintiff's itemization of hours reveals overcharges for administrative and clerical tasks.  (Docket Entry No. 36, at 1, 4).  Defendant cites that "between August 24, 2016 and December 1, 2016, Plaintiff's attorney charged a total of 17.6 hours for *pro hac vice* and filing her complaint, including clerical tasks like preparing service, and speaking with the clerk." *Id.* at 4.  Defendant also contests Plaintiff charging an unspecified amount of time on December 30, 2016, for the clerical task of ECF filing Plaintiff's brief; proofreading and ECF filing Plaintiff's reply on March 22, 2017; and Plaintiff charging 1.5 hours on November 6, 2017, for finalizing and filing the application for fees. *Id.* at 4-5.  Defendant further contends that "with the 26.1 hours charged for her initial brief and 18.8 hours charged for the objection to the Magistrate's Report and Recommendation, Plaintiff's time charged for briefing the case is excessive." *Id.* at 5.

A district court may in its discretion decline to award attorney's fees "for purely clerical tasks such as filing documents and preparing and serving summons." *Neil*, 495 F. App'x at 847 (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) and *Nadarajah*, 569 F.3d at 921); *Osier v. Comm'r Soc. Sec. Admin.*, No. 3:16-CV-01061-MA, 2017 WL 3297514, at *3 (D. Or. Aug. 2, 2017) ("It is well-settled that the court may reduce an attorney's hours for time spent performing

clerical work."). "Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents." *Sterling Savings Bank v. Sequoia Crossing, LLC*, No. 09-cv-0555-AC, 2010 WL 3210855, *7 (D. Or. August 11, 2010); *Woll v. Comm'r Soc. Sec. Admin.*, No. 3:13-CV-01877-MA, 2015 WL 3562191, *2 (D. Or. June 5, 2015) (reducing EAJA fee award for time spent filing complaint); *Hoefle v. Colvin*, No. 1:12-CV-01719-JLT, 2014 WL 5217041, at *4 (E.D. Cal. Oct. 14, 2014) ("For example, the time spent to e-file documents is routinely found to be clerical work that is non-compensable under the EAJA."); *Brandt v. Astrue*, No. CIV. 08-0657TC, 2009 WL 1727472, at *3 (D. Or. June 16, 2009) (clerical tasks include "preparing a summons and civil cover sheet with attachment."); *but see Vick v. Astrue*, No. 1:10-CV-00562-CWD, 2012 WL 4435290, at *1-3 (D. Idaho Sept. 24, 2012) (granting fees for *pro hac vice* application). A "district court has 'authority to reduce hours that are billed in block format[,]' because 'block billing makes it more difficult to determine how much time was spent on particular activities.'" *Neil*, 495 F. App'x at 847 (quoting *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (brackets added in *Neil*)).

The Magistrate Judge will address below the hours billed between August 24, 2016 and December 1, 2016.[5] From August 24, 2016 to August 31, 2016, Plaintiff seeks fees for 10.1 hours of work. (Docket Entry No. 34-4, at 1).

---

[5]See "Itemization of Services" chart, Docket Entry No. 34-4, at 1-3.

| 8/24/16 | Complete federal civil cover sheet and other civil action initiating documents and forms (such as Complaint, Summons, and Motion to appear *pro hac vice*), including legal research into the specific local and general law associated with claimant's appeal, such as statutes from Title 42, Chapter 7 and related federal case law. Contact clerk of court in Tennessee for instructions. Contact attorneys referred by clerk for referrals of local counsel in Nashville area. Also, telephone conference with client to discuss *pro hac vice*. Prepare and send to Arizona District Court request for certificate of good standing. | 4.0 |
|---|---|---|
| 8/30/16 | Telephone conference with clerk at Middle District Court of Tennessee about filing case in that district. Prepare Motion to appear *pro hac vice*. Continue drafting Complaint and documents for submission to Tennessee District Court. Draft Motion to appear *pro hac vice* and to waive local counsel requirement. | 2.3 |
| 8/31/16 | Completed draft of revised Complaint and documents for submission to Tennessee District Court. Spoke with client on telephone about Complaint. Sent revised Complaint to client for review and signature. | 3.2 |
| 8/31/16 | Respond to client's e-mail regarding the questions she posed about her overpayment case. Telephone conference with client to explain reasons for method of filing Complaint. Complaint had to be signed by her and filed by undersigned counsel because undersigned's motion to appear pro hac vice has not been granted, yet. | 0.6 |

The Magistrate Judge notes that Plaintiff's use of block billing creates difficulty in determining how much time was spent on certain activities and that the billing on August 24, 2016, includes clerical tasks, such as completing civil cover sheet and initiating documents and forms. The Magistrate Judge also notes that Plaintiff billed 4.0 hours for the tasks performed on August 24, 2016, which include drafting the complaint. However, Plaintiff also included hours for drafting the complaint on August 30 and 31. The Magistrate Judge further notes that Plaintiff billed time for "[c]ontacting the clerk of court in Tennessee for instructions" on August 24, 2016, and for a "[t]elephone conference with clerk at Middle District Court of Tennessee about filing case in that district" on August 30, 2016, and that Plaintiff makes two entries on August 30, 2016, about

preparing "motion to appear *pro hac vice*." Thus, on the first three entries, Plaintiff requests fees for a total of 9.5 hours. The Magistrate Judge finds such a claim of hours excessive.

As to the first two entries, the Magistrate Judge will reduce the 6.3 hours requested by 3.0 hours. This reduction reflects the clerical tasks blocked billed on August 24 and 30, 2016; the vague and undeterminable amount of time claimed for drafting the complaint; Plaintiff's duplicative calls to the clerk for instructions on August 24 and 30; and Plaintiff's duplicative entries and unspecified time regarding the motion to appear *pro hac vice* on August 30, 2016.

As to Plaintiff's request for 3.2 hours on August 31, 2016, the Magistrate Judge will grant these hours. However, the Magistrate Judge will deny the 0.6 hours requested as being duplicative and excessive as the Magistrate Judge credited the attorney's communication with his client in the previously allowed 3.2 hours.

Plaintiff requests 2.2 hours for "Review mail from client containing signed Complaint for filing in her overpayment civil action. Prepare letter to Tennessee Middle District Court clerk. Prepare mail to court filing civil action. Mail letter to clerk," on September 7, 2016. *Id.* The Magistrate Judge finds these hours excessive, as Plaintiff is seeking time for reviewing a signed complaint, along with time involving the clerical work of mailing documents to the Court. The Magistrate Judge will reduce this request by 1.6 hours.

Plaintiff requests 0.3 hours for "Telephone conversations with docket clerk and Judge Brown's clerk regarding filings and *pro hac vice* motion," on September 21, 2016, that will be denied as unnecessary and as clerical work. *Id.* Plaintiff's *pro hac vice* motion was filed September 9, 2016, and therefore any telephone call regarding the motion would not have required any legal expertise.

14

Plaintiff's September 24, 2016 entry, "Prepare three summons for service to US Attorney, Chief Counsel for Social Security, and US Attorney General's office," for 1.7 hours will be denied as clerical work. *Id.*

The Magistrate Judge will grant Plaintiff's October 4, 2016 request for 0.2 hours for "Contact clerk of court regarding application for access to ECF." *Id.*

Plaintiff requests 3.1 hours for the following work:

| 10/17/16 | Prepare Return of Service and send to Court. | 1.7 |
| 10/21/16 | Return call to Delana Thompson (clerk of the court) about return of service. | 0.2 |
| 10/25/16 | File three Summons in Federal District Court in Tennessee using ECF. Retrieve and file documents to client's folder. | 0.8 |
| 12/01/16 | Discuss recent scheduling order - Document 17 - with judge's clerk. | 0.4 |

The Magistrate Judge will deny the first three entries as clerical work and the last entry, regarding discussing the scheduling Order, as unnecessary.

Defendant contests Plaintiff charging an unspecified amount of time on December 30, 2016, for clerical tasks. Plaintiff charged 13.6 hours for the following work: "Continue research, review, outline, and drafting of brief and motion for judgment based upon the administrative record. Proofreading and revising brief. Filed opening brief and motion using ECF, which was actually entered on 12/31/2016 due to time zone discrepancy." *Id.* at 2. The Magistrate Judge will reduce this request by 0.5 hours to reflect the unspecified clerical time billed for filing the brief. Plaintiff billed 12.5 hours from December 26 to December 29, 2016 on the motion for judgment on the administrative record. *Id.* at 1. Thus, in addition to the 13.1 hours allowed on December 30, 2016, Plaintiff charged 25.6 hours for the initial brief. The Magistrate Judge finds this amount reasonable. As to the 13.1 hours spent on the arguments in Plaintiff's objections to the Report and

Recommendation, the Magistrate Judge finds this time reasonable.[6]  *See Williams v. Astrue*, No. 1:10-CV-00194-CL, 2012 WL 3527224, at *2 (D. Or. June 26, 2012), *report and recommendation adopted*, No. 1:10-CV-194-CL, 2012 WL 3527207 (D. Or. Aug. 15, 2012) ("It was not unreasonable for counsel to file objections as an advocate for his client and the arguments, while not successful, were not unreasonable.").

Next, Defendant contends that Plaintiff's 5.3 hours charged for filing a response and objection in opposition to Defendant being granted leave to file a sur-reply should be denied as unnecessary and that, of this time billed, Plaintiff improperly included clerical work performed on March 22, 2017 for filing the response.  (Docket Entry No. 36, at 5).  Defendant's request to file a sur-reply was not an unusual request.  Plaintiff's objection, requesting to strike Defendant's sur-reply, was unsuccessful and unnecessary.  Accordingly, the Magistrate Judge concludes that the 5.3 hours sought should be denied.

Further, Defendant contends that Plaintiff "has charged for excessive telephone calls with the client, totaling 3.9 hours on February 17, 2017, March 27, 2017, July 12, 2017, and July 21, 2017."  *Id*.  These charges are itemized as follows:

| 2/17/17 | After cursory review of defendant's response, telephone conference with client discussing defendant's response in her overpayment case. | 0.9 |
| 3/27/17 | Telephone conference with client regarding overpayment case in federal court and overview of recent filings. | 1.5 |
| 7/12/17 | Telephone conference with client about re-establishing her discontinued Medicare benefits. As a consequence of the overpayment issue, client has lost her Medicare benefits. | 1.0 |

---

[6]Defendant incorrectly states that Plaintiff billed 18.8 hours on the objections.  Plaintiff billed 0.6 hours on July 12, 2017; 2.6 hours on July 25, 2017; and 9.9 hours on July 26, 2017.  (Docket Entry No. 34-4, at 2-3).

| 7/21/17 | Second telephone conference with client about re-establishing her discontinued Medicare benefits. | 0.5 |
|---------|------|-----|

(Docket Entry No. 34-4, at 2-3).

"A lawyer has an ethical responsibility to communicate with a client. This responsibility includes keeping the client reasonably informed about the status of the matter and explaining the matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." *Quade ex rel. Quade v. Barnhart*, 570 F. Supp. 2d 1164, 1167 (D. Ariz. 2008). However, the Magistrate Judge finds the hours requested are a bit excessive. The Magistrate Judge will reduce the 1.5 hours requested on March 27, 2017, by 0.5, as excessive and reflecting denial of the time associated with Plaintiff's objection to Defendant's sur-reply. The Magistrate Judge will also deny the 0.5 hours requested on July 21, 2017, as duplicative and excessive, given that Plaintiff's counsel spoke with Plaintiff concerning the same topic nine days earlier. Accordingly, the Magistrate Judge will approve 2.9 hours for telephone calls with the client as reasonable.

Lastly, Defendant objects to Plaintiff charging 1.5 hours on November 6, 2017, for finalizing and filing his application for fees. (Docket Entry No. 36, at 5). The entry in question provides: "Prepare affidavit (notarize), order, motion, and brief for EAJA attorney's fees in Sixth Circuit overpayment case for filing and service." (Docket Entry No. 34-4, at 3). Plaintiff also billed 4.2 hours on October 9, 2017, for work described as follows: "Prepare/draft affidavit, order, motion, and brief for EAJA attorney's fees in Sixth Circuit overpayment case." *Id.* A plaintiff is entitled to reimbursement for the hours of attorney time reasonably spent on an EAJA fee application. *McMahon v. Astrue*, 617 F. Supp. 2d 869, 873 n.2 (D. Ariz. 2008). Accordingly, the Magistrate Judge finds that the total 5.7 hours billed on the EAJA application are reasonable. *Lopez v. Astrue*,

No. 1:10CV1012 AWI GSA, 2012 WL 2052146, at *3 (E.D. Cal. June 6, 2012), *report and recommendation adopted*, No. 1:10-CV-01012 OWW, 2012 WL 2995486 (E.D. Cal. July 23, 2012) ("Preparing an itemized time sheet for an EAJA fee motion is not a clerical task as counsel must review the time records to make sure the time is properly billed to the client, ensure that time billed is accurate, and redact any privileged information."); *Em v. Astrue*, No. 1:10-CV-01414-LJO, 2012 WL 691669, at *6 (E.D. Cal. Mar. 2, 2012), *report and recommendation adopted*, No. 1:10-CV-01414-LJO, 2012 WL 1019963 (E.D. Cal. Mar. 26, 2012) ("[T]he time spent preparing a declaration in support of an EAJA application and reviewing time entries to ensure they contain no confidential information is appropriate and compensable."). In so ruling, the Magistrate Judge considered Plaintiff not requesting fees in conjunction with her reply (Docket Entry No. 40) in support of the application for EAJA fees.

In summary, the Magistrate Judge will reduce the 43.7 hours requested for 2016 by 10.8 hours, resulting in 32.9 hours and an award of attorney's fees in the amount of $6339.17 (32.9 x $192.68) for hours worked in 2016. The Magistrate Judge will reduce the 43.5 hours requested for 2017 by 6.3 hours, resulting in 37.2 hours and an award of attorney's fees in the amount of $7320.59 (37.2 x $196.79). Therefore, the Magistrate Judge concludes that the total amount of billable hours in this action is 70.1 (32.9 hours in 2016 and 37.2 hours in 2017) at the uncontested hourly rates of $192.68 in 2016 and 196.79 in 2017, for a total award of $13,659.76 in EAJA attorney's fees.

### 3. Costs

As a prevailing party, Plaintiff is entitled to an award of fees and expenses under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A); *Hardisty v. Berryhill*, No. 315CV00265LRHWGC, 2017 WL 2791050, at *4 (D. Nev. Apr. 27, 2017), *report and recommendation adopted*, No.

315CV00265LRHWGC, 2017 WL 2784340 (D. Nev. June 27, 2017) ("Under the EAJA, a judgment for costs, as set forth in 28 U.S.C. § 1920, 'may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his or her official capacity in any court having jurisdiction of such action.'" quoting 28 U.S.C. § 2412(a)(1)); *League of Wilderness Defs.-Blue Mountains Biodiversity Project v. Smith*, 491 F. Supp.2d 980, 989 (D. Or. 2007) ("EAJA authorizes reimbursement for litigation expenses and costs, such as filing fees, traveling expenses and postage."). Here, Plaintiff requests costs for $400 for the filing fee, $18 for the certificate of good standing, and $75 for *pro hac vice* filing fee, for a total of $493. The Magistrate Judge grants Plaintiff's request for $493 in costs under the EAJA. *See* Vick, 2012 WL 4435290, at *1-3 (granting costs for *pro hac vice* fees).

### 4. Direct Payment of Attorney's Fees

Plaintiff submits an agreement that assigned any award of EAJA attorney's fees and costs to her attorney. (Docket Entry No. 34-2, at 1). Defendant asserts that if the Court orders payment of EAJA fees, Defendant will make the fee payable to Plaintiff's attorney provided that Plaintiff does not owe a debt to the government, in which case the United States Department of Treasury will not be precluded from making the entire EAJA fee payable to Plaintiff and then using the EAJA fee as an offset to the debt. (Docket Entry No. 36, at 5). Plaintiff objects arguing that "'[w]hether the overpayment or part of the overpayment is past due and legally enforceable' depends upon issuance of written findings describing the supporting rationale of the agency's final action after completion

of a hearing and subsequent review of the record," and therefore the "the overpayment debt is not

legally enforceable." (Docket Entry No. 40, at 5).[7]

In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court held that EAJA fee awards are

payable to the plaintiff, not the plaintiff's attorney, and are therefore subject to an offset to satisfy

any pre-existing debt the plaintiff may owe to the federal government. *Id.* at 591-93. There is no

definitive information on whether Plaintiff owed a pre-existing debt prior to this action. Also,

Plaintiff "assigned her claim to her attorney, but that assignment runs afoul of the Assignment of

Claims Act, 31 U.S.C. § 3727(b), which forbids the assignment of claims against the U.S.

government until after those claims are actually allowed." *Matthews v. Astrue*, No. CIV

11-290-TUC-LAB, 2013 WL 500955, at *1 (D. Ariz. Feb. 11, 2013); *Yesipovich v. Colvin*, 166 F.

Supp. 3d 1000, 1011 (N.D. Cal. 2015). Thus, the Magistrate Judge concludes that the EAJA award

shall be made payable to Plaintiff and delivered to Plaintiff's attorney; however, if the United States

Department of the Treasury determines that Plaintiff does not owe a federal debt and the

Government waives the requirements of the Assignment of Claims Act, the EAJA award shall be

paid directly to Plaintiff's attorney pursuant to Plaintiff's assignment of her interest in the fee award.

*Matthews*, 2013 WL 500955, at *1; *Kirk v. Berryhill*, 244 F. Supp. 3d 1077, 1085 (E.D. Cal. 2017);

*Yesipovich*, 166 F. Supp. 3d at 1011.

## IV. RECOMMENDATION

Accordingly, for these reasons, the Magistrate Judge **RECOMMENDS** that Plaintiff's

motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA") (Docket

---

[7]Plaintiff also requests in her reply an order preventing the government from applying any fees and costs awarded to her overpayment debt, as well as preventing further collection of the overpayment, until agency action is final. Such a request for relief is not proper in a reply.

Entry No. 34) be **GRANTED in part and DENIED in part,** and that Plaintiff be awarded $13,659.76 in EAJA attorney's fees and $493 in costs.

The parties have fourteen (14) days after being served with a copy of this Report and Recommendation ("R&R") to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**ENTERED** this 20th day of July, 2018.

/s/ Joe B. Brown     
JOE B. BROWN
United States Magistrate Judge