# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| SUSAN UNICE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 3:16-cv-02469 |
| | ) Judge Aleta A. Trauger |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the court are (1) plaintiff Susan Unice's Objections (Doc. No. 46) to Magistrate Judge Joe B. Brown's Report and Recommendation ("R&R") (Doc. No. 44), recommending that Unice's Motion for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA") (Doc. No. 34) be granted in part and denied in part; and (2) the plaintiff's two motions to transfer venue (Doc. Nos. 35, 45). For the reasons discussed herein, the plaintiff's Objections will be granted in part, and the venue motions will be denied.

## I. OBJECTIONS

The plaintiff's attorney's fees motion seeks an award of $15,943.95 in fees and $493.00 in costs. In the memorandum supporting that motion, the plaintiff recognized, under *Astrue v. Ratliff*, 560 U.S. 586 (2010), that EAJA fees are payable to the plaintiff and not her attorney. (Doc. No. 34-1, at 11–12.) She requested, however, pursuant to the fee agreement between the plaintiff and her attorney (attached as an exhibit to the motion, Doc. No. 34-2), that the court order that any check issued by the government for payment of EAJA fees or costs be sent to plaintiff's counsel's office. (Doc. No. 34-1, at 11.) Although the motion and brief do not

expressly request that the check be made payable to the attorney, and the attorney's fee agreement attached to the fees motion simply authorizes the attorney to "endorse the EAJA attorney's fee and costs check(s)" on behalf of the plaintiff (Doc. No. 34-2, at 1), the order proposed by the plaintiff and attached to her motion would require the attorney's fee award and costs be "payable and delivered to" plaintiff's attorney (Doc. No. 34-5, at 1).

In response to the motion, the defendant argued that the plaintiff is not entitled to attorney's fees at all and that the amount sought is excessive insofar as it includes overcharges for administrative and clerical tasks. In addition, the defendant responded to the "payable to" language in the proposed order by stating:

> Based on the agreement [between the plaintiff and her attorney], and if the Court orders payment of EAJA fees, Defendant will make the fee payable to counsel *provided Plaintiff does not owe a debt to the government*. But if Plaintiff owes a federal debt, the assignment will not preclude the United States Department of Treasury from making the entire EAJA fee payable to him [sic, presumably meaning the plaintiff], and then using the EAJA fee as an offset to the debt.

(Doc. No. 36, at 5 (emphasis added).)

In her Reply brief in support of the attorney's fee motion, the plaintiff asserts that "the only applicable outstanding debt with the government is the overpayment associated with the instant case." (Doc. No. 40, at 5.) The plaintiff argues, correctly, that the overpayment debt is currently on review and is not at this time a legally enforceable debt to the government. She expresses her concern that the SSA has unlawfully continued efforts to collect that alleged overpayment and that the defendant's response to her fees motion constitutes an "improper threat to offset any fee award" against it. (*Id.*)

The magistrate judge, after conducting a very thorough and detailed analysis of the billing records submitted in support of the plaintiff's motion, recommends that the plaintiff be awarded $13,659.76 in EAJA attorney's fees, rather than the $15,943.95 the plaintiff seeks, and

the entire $493.00 sought in costs. (Doc. No. 44, at 1.) Regarding whether the award check should be made payable to the plaintiff or her attorney, the magistrate judge specifically found that:

> [T]he EAJA award shall be made payable to Plaintiff and delivered to Plaintiff's attorney; however, if the United States Department of the Treasury determines that Plaintiff does not owe a federal debt and the Government waives the requirements of the Assignment of Claims, the EAJA award shall be paid directly to Plaintiff's attorney pursuant to Plaintiff's assignment of her interest in the fee award.

(Doc. No. 44, at 20.)

Neither party objects to the amount of the fee or cost award recommended in the R&R. The plaintiff objects only to the language quoted above insofar as the Social Security Administration ("SSA") is continuing its attempts to collect what it perceives as a preexisting debt resulting from an overpayment by the SSA to the plaintiff. This alleged overpayment and the SSA's ability to collect it are the subject of the underlying appeal to this court, in which the plaintiff prevailed. The plaintiff specifically states that her objection to the quoted language "is narrowly applicable only to offsetting the overpayment debt the Secretary alleges that she owes; thus, Plaintiff does not object to the Magistrate Judge's recommendation as it applies to offsetting other legally enforceable Government debts, such as past-due income taxes, penalties or interest, etcetera." (Doc. No. 46, at 6.)

The defendant has filed a Response to the Objections in which she acknowledges that the overpayment is no longer legally enforceable based on this court's Order remanding the case for further administrative consideration and that any offset related to the alleged overpayment that was the subject of this appeal is not appropriate. The defendant's Response also asserts that counsel for the Commissioner has contacted the SSA's Great Lakes Program Service Center and ensured that it had received a copy of the Order regarding the overpayment. "A representative

from the service center indicated that they had marked Plaintiff's account to stop collection arising from the Social Security overpayment." (Doc. No. 47, at 1.) The defendant further states that she cannot confirm whether the plaintiff has other federal debt or whether that amount would be subject to offset.

In other words, the parties are in agreement that, if the plaintiff owes any *other* federal debt, offsetting it would be appropriate, and they are also in agreement that there should not be any offset related to the SSA's alleged overpayment. Neither party, that is, challenges the actual language of the R&R. The plaintiff simply seeks a clarification that any offset should not include an offset for the alleged SSA overpayment that is under review. The court will therefore grant the plaintiff's unopposed request for such a clarification. While it is still the case that the EAJA award may be paid directly to the plaintiff and may be subject to an offset in the amount of any other federal debt owed by the plaintiff, the defendant will be prohibited from offsetting the payment by any portion of the alleged overpayment to the SSA.

The plaintiff also objects to the magistrate judge's finding that her request for protection against a potential offset based on the alleged overpayment by the SSA, asserted in her Reply, was inappropriate, and to the magistrate judge's suggestion that the assignment agreement between the plaintiff and her attorney "runs afoul" of the Assignment of Claims Act, 31 U.S.C. § 3727(b). The first objection has some merit, because the plaintiff was clearly responding to an issue raised in the defendant's response. As for the assignment issue, the court finds that the outcome in this case is not affected, and the plaintiff is not harmed, by the language of the R&R. This objection is without merit.

## II.     MOTIONS TO CHANGE VENUE

At the time the Complaint was filed in September 2016, the plaintiff was a Tennessee

resident. (Doc. No. 1, at 1.) Based on her Notices of Change of Residence and Motions to Transfer Venue, it appears that she moved to Arizona in July 2017 (Doc. No. 35, at 1) and to South Carolina in July 2018 (Doc. No. 45, at 1).

The court finds, first, that the venue motions are moot insofar as Judgment has been entered in this case and there remains nothing for this court to do, having now resolved, with this Order, the attorney's fee motion. Moreover, the plaintiff has not satisfied the requirements of 28 U.S.C. § 1404(a), pertaining to transfer of venue.

Under § 1404(a), a case may be transferred, in the interest of justice, to any other district or division in which the case might have been brought or to any district or division to which all parties have consented. At the time this action was brought, the Middle District of Tennessee was the only district where the Complaint could have been filed, because the plaintiff stated that she resided within this district. 42 U.S.C. § 405(g). The plaintiff has made no showing that venue would have been proper in the District of Arizona or the District of South Carolina when she filed the Complaint or, therefore, that the case could have been filed in either of those districts. If venue is proper when the case is brought, subsequent changes in residence of the parties do not require a change of venue. Accord *Baynham v. Colvin*, No. 14-2053-SAC, 2014 WL 6863454, at *1 (D. Kansas Dec. 3, 2014); *Tatar v. Levi*, No. 08-4422 (RBK), 2010 WL 3740610, at *3 (D.N.J. Sept. 20, 2010). Second, she does not show that the defendant has consented to a change of venue.

The motions to transfer venue are without merit and must be denied.

### III. CONCLUSION AND ORDER

The court finds the plaintiff's Objections to be meritorious in part. The R&R is **ACCEPTED** and **ADOPTED** as this court's findings of fact and conclusions of law, except as

clarified below. The plaintiff's attorney's fees motion (Doc. No. 34) is **GRANTED IN PART and DENIED IN PART**, and the plaintiff is hereby awarded **$13,659.76 in EAJA attorney's fees and $493.00 in costs.**

The R&R is **MODIFIED** only insofar as the plaintiff requests a clarification of the Order awarding fees. The court makes the following clarification:

If the United States Department of the Treasury determines that the plaintiff does not owe a federal debt and the Government waives the requirements of the Assignment of Claims Act, the EAJA award shall be paid directly to the plaintiff's attorney and mailed to the address provided by the plaintiff, pursuant to the plaintiff's assignment of her interest in the fee award. **The government is not entitled to any offset related to the purported overpayment by the Social Security Administration**.

The motions to transfer venue (Doc. Nos. 35, 45) are **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge